IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BENITA HAYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:20-cv-533-SMD |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On March 3, 2020, the Commissioner filed an Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to Defendant. *Comm'r's Mot.* (Doc. 19). The Commissioner requests that the Court remand this case to the agency for further consideration and administrative action pursuant to sentence four of 42 U.S.C. § 405(g). *Id.* at p. 1. The Commissioner states that, on remand, the agency will assign a different administrative law judge ("ALJ"), provide Plaintiff with the opportunity for a hearing before the newly assigned ALJ to further evaluate Plaintiff's claims, and issue a new decision." *Id.*

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial

evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

In this case, the Court finds reversal and remand necessary as Defendant concedes reconsideration and further administrative actions are necessary. Furthermore, Plaintiff does not oppose the motion. Accordingly, it is

ORDERED that the Commissioner's Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) (Doc. 19) is GRANTED. It is further

ORDERED AND ADJUDGED that the decision of the Commissioner is hereby REVERSED and this case be and is hereby REMANDED to the Commissioner for further proceedings. Finally, it is

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273, 1278 n.2 (11th Cir. 2006), Plaintiff shall have **ninety (90)** days after she receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C.§ 406(b). *See also Blitch v. Astrue,* 261 F. App'x 241, 241 n.1 (11th Cir. 2008).

Done this 12th day of May, 2021.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE